[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 2, 1996
The plaintiffs Guenn and James Somers bring this negligence action seeking money damages for personal injuries suffered when their car was struck by a car driven by the defendant's decedent, Albert Walz. At the time of the collision, the plaintiff Guenn Somers was a passenger in the car driven by her husband, plaintiff James Somers. James Somers' claim is for loss of consortium only; he does not make a claim for any physical injury.
In her answer, the defendant filed a special defense that the injuries sustained by the plaintiffs were caused by the negligence of the plaintiff James Somers. In addition to the special defense, the defendant filed a counterclaim against the plaintiff James Somers alleging that he was negligent in the operation of his car and is responsible for his wife's injuries. The counterclaim does not seek an award of damages; instead, the claim for relief states that the defendant "looks for an apportionment of liability." The plaintiffs have moved to strike the counterclaim as legally insufficient because it is a claim for apportionment.
In their memorandum in support of their motion to strike, the plaintiffs cite numerous Superior Court decisions all holding that an apportionment counterclaim is legally insufficient and should be stricken because it fails to seek affirmative relief. Most of these decisions rely on Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158 (1983), where our Supreme Court CT Page 5309 stated that "[a] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Id., 160. An apportionment counterclaim does not seek affirmative relief and could not form the basis for a separate action.
The defendant cites no contrary authority and in fact cites no cases or any other legal authority at all in her memorandum in opposition to the motion to strike. A 1995 public act which amended General Statutes § 52-572h has no bearing on the issue before the court because the act is limited to those situations where apportionment is sought against a person who is not a party to the action. Public Acts 1995, No. 95-111, §§ 1 (a) and 1(f).
The court finds the decisions which strike apportionment counterclaims to be well-reasoned and correct. Accordingly, the plaintiffs' motion to strike the defendant's apportionment counterclaim is granted by the court.
VERTEFEUILLE, J.